JOHN T. BRESSLER, APPELLEE, v. WAYNE COUNTY, APPELLANT.*

FILED DECEMBER 5, 1908. No. 15,332.

1. **Exceptions, Bill of:** TIME FOR SETTLEMENT. A district judge is without authority, after the expiration of 80 days from the adjournment of the term of court *sine die*, to extend the time for settling a bill of exceptions.

2. **Taxation:** SHARES OF STOCK: LISTING FOR TAXATION. The owner of shares of stock of a domestic investment company is not required to list them for taxation under the provisions of section 10927, Ann. St. 1907, which provides: "Every person * * * shall list all his moneys, credits, bonds, or stocks, shares of stock of joint stock or other companies, when the capital stock of such company is not assessed in this state." Such shares of stock are to be assessed under the provisions of section 10955, which expressly provides that they shall be listed for taxation by an officer of the corporation.

APPEAL from the district court for Wayne county: JOHN F. BOYD, JUDGE. *Affirmed.*

W. T. Thompson, Attorney General, and H. E. Siman, for appellant.

Frank M. Northrop and J. L. Kennedy, contra.

EPPERSON, C.

In 1906 the board of equalization of defendant county entered upon the tax list 100 shares of stock of the Nebraska Land Company owned by the appellee. Upon appeal to the district court, the order of the board of equalization was reversed, and the county appealed to this court.

The term of court in which the judgment was rendered

---

* Rehearing allowed. See opinion, 84 Neb. —.

adjourned January 25, 1907. The bill of exceptions was not served within 40 days. The record discloses that the court made an order upon April 20, 1907, extending the time for the settlement of the bill for a period of 80 days from January 25. This order was made 84 days subsequent to adjournment *sine die* of the court. The judge was then without authority to make such order.

We are required, however, to consider the sufficiency of the pleadings to support the judgment appealed from. The petition sets forth the facts substantially as follows: The Nebraska Land Company is a corporation organized under the laws of the state, with its principal place of business at Wayne, in Wayne county. It issued its corporate capital stock to the amount of $30,000 at par, and with this fund it purchased 30,000 acres of land in North Dakota, which was taxed in 1906 upon a taxable valuation of $75,000. The corporation owned no property in Nebraska, nor was its capital stock assessed in this state.

Section 10927, Ann. St. 1907, provides: "Every person of full age and sound mind, being a resident of this state, shall list all his moneys, credits, bonds, or stocks, shares of stock of joint stock or other companies, when the capital stock of such company is not assessed in this state, moneys loaned or invested, annuities, franchises, royalties, and all other personal property."

Section 10955 provides: "The president, cashier or other accounting officer of every bank or banking association, loan and trust, or investment company, shall on the first day of April of each year, make out a statement under oath, showing the number of shares comprising the actual capital stock of such association, bank, or company, the name and residence of each stockholder, the number of shares owned by each and the value of said shares on the first day of April, and shall deliver such statement to the proper assessor. Such capital stock shall thereupon be listed and assessed by him, and return made in all respects the same as similar property belonging to other corporations and individuals. Whenever any such bank,

association or company shall have acquired real estate or other tangible property which is assessed separately, the assessed value of such real estate or tangible property shall be deducted from the valuation of the capital stock of such association or company. * * * Such association, bank or company shall pay the taxes assessed upon its stock and shall have a lien thereon for the same."

The appellee alleges that the Nebraska Land Company is an investment company, and contends that its capital stock is to be assessed under the provisions of section 10955, *supra*, and that this section permits the deduction of the assessed value of the North Dakota land from the amount of the actual capital stock of the corporation in arriving at the value subject to taxation in this state; but, as the assessed valuation of the land exceeded the actual capital stock, nothing remains for taxation here. It is the appellant's contention that the stock is liable to taxation under the general statutory provisions, because it is property in this state, and the capital stock in the Nebraska Land Company is not assessed in this state. Plaintiff argues that the case depends upon whether or not the corporation is an investment company. It occurs to us that it is such. The court so found, and the presumption is that the finding is right.

We are required to determine under which section of the statutes above quoted the shares of stock are to be listed for taxation. If under section 10927, then the action of the board of equalization was right; if under section 10955, the district court was right. As to the manner of taxation the statutes are unambiguous. The owner of shares of stock of an investment corporation is not required to list the same with the assessor. The proper officer of the company does that. Section 10955 does not exempt any property from taxation. It simply provides a manner in which its property and shares of stock shall be assessed and taxed. The shareholder has no part in the process of taxation. So far as the public officers are concerned whose duties are to create and collect taxes,

the corporation, and not the shareholder, is the taxpayer and the owner of the property. The shareholder is not required to list his shares of stock in an investment company, and the board of equalization cannot assess the same to him. Section 10955 controls.

Whether or not the corporation is permitted to deduct the value of land assessed to it in another state cannot be determined in this case, because the corporation is not a party to the action.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.