JOHN T. BRESSLER, APPELLEE, V. WAYNE COUNTY, APPELLANT.

FILED JUNE 25, 1909. No. 15,332.

1. **Taxation:** INVESTMENT COMPANY. A domestic corporation formed for the purpose of buying real estate, and whose whole capital is invested in land, is not "an investment company" under section 56 of the revenue law (Ann. St. 1907, sec. 10955).

2. ———: SHARES OF STOCK: ASSESSMENT. It is the duty of the holder of shares of stock of joint-stock or other companies to list the same for assessment, "when the capital stock of such company is not assessed in this state." Section 28 of the revenue law (Ann. St. 1907, sec. 10927).

REHEARING of case reported in 82 Neb. 758. *Former opinion vacated in part, and judgment of district court reversed.*

LETTON, J.

The facts in this case are stated in the former opinion, 82 Neb. 758. The principal question decided in that case was that the Nebraska Land Company is an investment

company, and that its property should be assessed under the provisions of section 56 of the revenue law (Ann. St. 1907, sec. 10955). Upon reargument and further consideration, while we adhere to the principle laid down in the second paragraph of the syllabus that the owner of shares of stock of a domestic investment company is not required to list them for taxation, we are convinced that the Nebraska Land Company, the corporation the taxation of whose shares to the individual shareholder was in question, is not embraced within the class of "investment companies," to be assessed under section 56. In the consideration of the case, we are confined to an examination of the pleadings, since there is no bill of exceptions properly before us. While the petition alleges that the corporation is an investment company, this is a mere conclusion, and the further facts alleged that it was formed for the purpose of purchasing a large tract of land, that all of its capital is invested in the land, and that the real estate constitutes all its assets, in nowise tend to bring the corporation within the class, but rather remove it from that category. The fact that its capital stock is invested in land does not make this an investment company. We are not aware of anything in the revenue law that distinguishes a corporation which purchases land from one which invests its capital in cattle, or horses, or in dry goods, or groceries, or in any other commercial channel. There is no particular virtue in real estate which makes a trading venture in it an investment and a similar venture in other property not an investment.

In one sense all corporations formed for the purpose of profit are investment companies. Their main object and purpose is that the stockholder may obtain a profit from the investment of his money in the business of the company, but this is not the sense in which the words are used in the statute. The meaning of the words is made clear by a consideration of the context. The language of the statute, so far as pertinent, is as follows: "The president, cashier, or other accounting officer of every bank

or banking association, loan and trust, or investment
company, shall on the first day of April of each year
make out a statement," etc. Ann. St. 1907, sec. 10955.
The "investment company" mentioned in the section evi-
dently belongs to a class of financial institutions dealing
in bonds, stocks, notes, mortgages, and other instruments,
or evidences of value representing invested capital. It
properly belongs and is classed with banks, banking as-
sociations, and loan and trust companies having a
"cashier" or "accounting officer." Its purpose is not to
deal with actual and tangible property itself so much as
with the representatives of property or mediums of ex-
change such as money, notes, obligations and securities. It
may be difficult to draw the line between a concern which
is an investment company and one which is a mere broker,
but this we are not concerned with in this case. There
is a clear distinction between a company formed to buy
or to deal in real estate and an "investment company"
under the statute. So far then as the result at the former
hearing is based upon the proposition that the company
in question is an investment company, the opinion must
be vacated.

Section 28 of the revenue law (Ann. St. 1907, sec.
10907), requires every resident of the state to list all "his
moneys, credits, bonds, or stocks, shares of stock of joint-
stock or other companies, when the capital stock of such
company is not assessed in this state." Under the law
it is the duty of every owner of capital stock of corpora-
tions not assessed in this state to list the same for taxa-
tion. If he omits to do so, and the shares of stock owned
by him are sought to be placed upon the assessment roll
by the assessor or by the board of equalization, he may
raise the issue of their exemption from taxation by pre-
senting facts to show that the capital stock of such com-
pany is assessed in this state, or any other matter which
entitles him to be exempt from assessment on such shares.
A hearing can then be had and a record made before that
board, from whi h, and on the particular question there

decided, an appeal may be had to the district court. From the judgment of that court on an appeal to this court the proceedings of the district court will be examined in the same manner and to the same extent as other appeals, and the same presumptions will be applied with respect to the validity of the findings and judgments of that court as in other cases. *Woods v. Lincoln Gas & Electric Light Co.*, 74 Neb. 526. In the present case both parties seem to have presumed that the question in the case was whether or not the Nebraska Land Company was an investment company, and whether its lands lay in this state or in North Dakota. This, it seems to us, was not the real issue in the case. Our view is that the real matter to determine was whether the capital stock had been "assessed in this state." If not, it was taxable to the owner of the shares. So far as the question of the right to deduct the value of the real estate from the assessment of the capital stock of the corporation is concerned, this was not properly before the court, since it was a matter which directly concerned the corporation, to which it was the proper party, and not the stockholder. The petition alleges that the capital stock of the Nebraska Land Company was assessed, not to the company itself, but to the individual stockholder, and this is admitted by the answer. If not assessed to the corporation, it should have been assessed to the individual. On the facts pleaded the shares were properly assessed to the plaintiff, and the judgment was erroneous.

The former opinion is vacated in so far as it holds that the Nebraska Land Company is an investment company, and the judgment of the district court is reversed.

JUDGMENT ACCORDINGLY.