NORA E. PIERCE, ADMINISTRATRIX, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS.

FILED JUNE 10, 1910. No. 16,623.

Bill of Exceptions: SUBMISSION. A proposed bill of exceptions is not submitted to the adverse party or his attorney of record, within the meaning of the statute, by leaving it at the residence of the attorney in his absence.

APPEAL from the district court for Valley county: JAMES R. HANNA, JUDGE. *Motion to quash bill of exceptions. Sustained.*

*James E. Kelby* and *Halleck F. Rose*, for appellants.

*John J. Sullivan, H. E. Oleson* and *A. Norman*, contra.

FAWCETT, J.

Plaintiff moves to quash defendant's bill of exceptions, for the reason that the same was not served within 80 days from the adjournment *sine die* of the term of court at which judgment was rendered. The service of the bill was by hanging it to the door knob of the residence of Mr. Oleson, one of the attorneys for plaintiff, at 14 minutes before midnight on the eightieth day. The bill was found there by the attorney on the next morning. It was seasonably returned to counsel for defendant with proper objections. The district court allowed the bill, and plaintiff now moves that the same be quashed. Section 311 of the code provides: "When the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment *sine die* of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. * * * In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence and not otherwise, to extend the time herein allowed, but not beyond the forty days additional to that herein provided." That the time for serving a bill of exceptions cannot be extended beyond eighty days is firmly settled in this state. *Horbach v. City of Omaha*, 49 Neb. 851; *Mathews v. Mulford*, 53 Neb. 252; *Stock v. Luebben*, 72 Neb. 254; *Bressler v. Wayne County*, 82 Neb. 758.

Certain statements made by Mr. Norman, one of the plaintiff's attorneys, at about the hour of midnight, and after the bill of exceptions had been fastened to Mr. Ole-

son's door knob, are relied upon as constituting a waiver of the manner of service. Upon this point Mr. Norman and his wife and son testified that this conversation was 15 minutes after midnight. Defendant's attorneys testified that it was one and one-half minutes before midnight. Mr. Norman states that when the attorneys for defendant called at his house Mr. Marley, one of defendant's attorneys, said: "That he had been trying to locate me for the purpose of serving a bill of exceptions, but that as he could not find me he had left the bill of exceptions at the residence of Mr. Oleson. I then said: 'That is all right, service upon Mr. Oleson is just as good as service upon me.' Mr. Marley then said: 'But Mr. Oleson was not at home.' To which I replied: 'Oh, Mr. Oleson was not at home.' I then closed the door and the conversation ended." Mr. Marley states that he told Mr. Norman "that I had been seeking him to make service of the bill of exceptions in said case, and that I had left the bill of exceptions in said case at the residence of plaintiff's attorney, H. E. Oleson. Upon being informed that the bill of exceptions had so been left at the residence of said Oleson, said Norman said to me, in the presence of said witnesses, 'That is all right.' Understanding from the statement so made that said Norman expressly assented to the manner in which said service was made, I departed, leaving the bill of exceptions, as before stated, at the residence of said Oleson for the examination of plaintiff and her attorneys." Mr. Marley's departure, leaving the bill of exceptions suspended to Mr. Oleson's door knob, was not in reliance upon Mr. Norman's statement, for, as stated in his own affidavit, it was then not more than two minutes before midnight, and, if Mr. Norman had not made the statement attributed to him, counsel for defendant could not within so short a time have made any other disposition of the bill. Moreover, Mr. Norman's affidavit that, when he said "All right," he had not been told that Mr. Oleson was not at home, is not contradicted. We do not think the manner of service was waived.

It is also urged that it is shown that, on the morning of the next day after they attached the bill of exceptions to the door knob of Mr. Oleson's residence, the bill was seen in the hands of counsel for plaintiff, and that it thus clearly appears that the bill actually came into the hands of counsel for plaintiff. This is true; but, as further shown, it did not come into their hands until the morning of the eighty-first day, when Mr. Oleson opened his door on that morning. This could not have any greater effect than if counsel for defendant had been standing upon Mr. Oleson's porch when he opened the door that morning and had then served it upon him. It would have been in that case, as in this, one day too late. The case therefore resolves itself down to the simple proposition: Was the attaching of the bill of exceptions to Mr. Oleson's door knob at 14 minutes before midnight on the last day a compliance with section 311 of the code? In *Lancaster County Bank v. Gillilan*, 49 Neb. 165, the bill was attempted to be served by leaving it at the office of opposing counsel in his absence. We held such service insufficient. In the opinion, by Mr. Commissioner IRVINE, it is said: "Section 311 of the code provides, among other things, that the party excepting shall reduce his exceptions to writing 'and submit the same to the adverse party or his attorney of record for examination and amendment if desired.' The question is therefore presented whether leaving the proposed bill at the office of the attorney of record is a 'submission' thereof to such attorney within the meaning of the statute. The question is a new one in this court, and our attention has not been directed to any adjudications elsewhere under similar statutes. It has been several times said that the object of the statute in requiring a submission to the adverse party or his attorney is to obtain an accurate bill. (Citing cases.) In *Fitzgerald v. Brandt*, 36 Neb. 683, there were several appellees, whose interests were diverse. The proposed bill of exceptions was left at the office of the attorneys for one appellee, and the others were notified that the

bill had been left there for their examination and would so remain for the time allowed by law. It was held that this was not a submission within the statute. A summons may be served by leaving a copy thereof at the usual place of residence of the defendant, and there are other cases where service may be made otherwise than by delivery personally to the party to be served; but such substituted service is valid only because made so by statute, and there can be no doubt that, in the absence of a statute to the contrary, service upon a person means personal service, and nothing else. This statute provides that the proposed bill may be submitted to the adverse party or his attorney of record, but provides for no other manner of service. As has been said, the object of the requirement is to obtain an accurate bill, by giving to the adverse party an opportunity to examine the proposed bill and suggest amendments. The statute permits only ten days for this purpose. Practicing attorneys cannot always be in their offices, and to hold that a proposed bill is properly submitted by leaving it at the office of the attorney during his absence might frequently operate to deprive him of the opportunity of examination and suggesting amendments. There is no provision by which this period of ten days may be extended. On the other hand, the statute allows the party proposing the bill 15 days from the rising of court in which to submit the bill. Code, sec. 311; *First Nat. Bank v. Bartlett*, 8 Neb. 319. This time may be extended by the court to 40 days from the adjournment of the term, and, upon showing of diligence, the judge may extend the time for another period of 40 days. It would seem, therefore, as if it were the intention of the legislature to allow to the appellant or plaintiff in error ample time to properly submit the bill, and to require prompt action by the adverse party upon its submission. An inability to submit the bill to the adverse party or his attorney, on account of absence of the latter, the party proposing the bill having been diligent, would undoubtedly be good cause for extending the time.

and the rights of both parties would thereby be saved; whereas giving the statute such a construction as would be required to sustain this bill would in many cases deprive a party, successful in the district court, of his right to suggest amendments. Opposing the construction we have indicated is the fact that contingencies may arise where it becomes impossible to submit the bill within the longest period allowed by statute if personal service is required. The adverse party may be a nonresident. His attorney of record may be absent for a very extended period. Such contingencies are, however, so remote that the legislature has evidently failed to provide therefor, and they are so remote that the court, in order to meet them, should not adopt a construction of the statute which would be disastrous to the rights of the parties under situations frequently arising. The motion to quash the bill is sustained." Under the above authorities, it is clear that there was no service of the bill of exceptions in this case within the time and in the manner required by law.

The motion to quash the bill of exceptions, is, therefore,

SUSTAINED.