ΑFFIRMED.

LINCOLN LAND COMPANY, APPELLEE, V. COMMONWEALTH OIL COMPANY, APPELLANT.

FILED FEBRUARY 15, 1923. No. 22230.

1. **Bill of Exceptions:** SETTLEMENT. A district judge has no authority to settle a bill of exceptions more than 100 days after adjournment of the term at which the appealable judgment in the case was rendered and entered on the journal.

2. **Appeal:** BILL OF EXCEPTIONS. An appellee does not lose his right to attack a bill of exceptions because he made no objections to it until after the appellant filed his briefs, if the filing thereof preceded the filing of the bill of exceptions.

3. ———: ———: PRESUMPTION. After the bill of exceptions has been quashed in the appellate court, it will be presumed that the evidence sustains the findings of fact below on the material issues.

4. **Mines and Minerals:** LEASES: ABANDONMENT. A lease for oil and other minerals may be terminated or abandoned by failure of lessee to perform his agreements to prospect for and produce oil or other minerals in paying quantities within two years or otherwise pay stipulated rentals.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*A. R. Honnold,* for appellant.

*Mothersead & York* and *Hall, Cline & Williams,* contra.

Heard before MORRISSEY, C.J., ROSE, ALDRICH and DAY, JJ., TROUP, District Judge.

Rose, J.

This is a suit in equity to cancel a recorded lease as a cloud on the title to lands owned by the Lincoln Land Company, plaintiff, in Scotts Bluff county. The lease was dated December 16, 1905. The Goshen Hole Irrigation Company was named therein as lessor and the Commonwealth Oil Company, defendant, as lessee. Lessor demised "all of the oil, gas, salt, coal, iron, gold, copper or other minerals in, under and upon" the premises, so long as those or other minerals are found in paying quantities, in the opinion of the lessee, "or the rent for failure to drill a well or operate said minerals is paid." The annual rental was 10 cents an acre in the event of a failure to drill a well within two years. Plaintiff pleaded, among other things, that it purchased the lands from the Goshen Hole Irrigation Company, lessor, in March, 1908, and that, about the time mentioned, defendant removed its rigging and its drilling apparatus, abandoned the premises permanently and surrendered possession, after having violated its agreement to drill wells or pay rentals according to the terms of the lease. The facts entitling plaintiff to relief in equity were put in issue by the answer of defendant. Upon a trial of the case, the district court found all the issues against defendant, canceled the lease and quieted in plaintiff the title to the lands. Defendant has appealed.

A motion to quash the bill of exceptions was submitted with the case on its merits, and is sustained for the reason that it was signed by the trial judge after the statutory period for allowing it had expired. The judgment from which defendant appealed was rendered and entered on the journal April 13, 1921, at the February term which expired June 3, 1921. The bill of exceptions was signed by the trial judge December 26, 1921. That was too late. He had no authority to settle it more than 100 days after the expiration of the term. *Walker v. Burtless,* 82 Neb. 211. It is argued,

however, that the motion should not be sustained because the briefs of defendant were filed before plaintiff objected to the bill of exceptions. This position is untenable. The bill of exceptions did not reach the appellate court until after defendant's briefs were filed.

With the bill of exceptions quashed in the appellate court, it will be presumed that the evidence sustains the findings of fact below on the material issues. The inquiry on appeal is thus narrowed to the sufficiency of the pleadings to support the judgment canceling the lease and quieting the title in plaintiff.

The lease is a part of the petition and shows on its face that it could only be kept in force indefinitely by drilling wells or paying annual rentals. Violations of these terms are pleaded in the petition. Could the lease be thus terminated or abandoned? The demise was for a period "so long as oil, or gas, or salt, or coal, or iron, or gold, or copper, or other minerals is found in paying quantities, or the rent for failure to drill a well or operate said minerals is paid." In these respects nonperformance for two years was a ground of forfeiture by lessor. For a period of more than 10 years defendant neither prospected nor paid rentals. A lease for oil and other minerals may be terminated or abandoned by failure of lessee to perform his agreements to prospect for and produce oil or other minerals in paying quantities or otherwise pay stipulated rentals. *Guffy v. Hukill,* 34 W. Va. 49; *Ohio Oil Co. v. Detamore,* 165 Ind. 243; *Dill v. Fraze,* 169 Ind. 53; *Peoples Gas Co. v. Dean,* 193 Fed. 938; *Rawlings v. Armel,* 70 Kan. 778; *Caylor v. Bankers Oil Co.,* 110 Kan. 224; *Anthis v. Sullivan Oil & Gas Co.,* 83 Okla. 86; *Foster v. Elk Fork Oil & Gas Co.,* 90 Fed. 178. The petition pleads facts showing defendant terminated the lease or abandoned all rights under it.

AFFIRMED.