MAY GROSS, APPELLANT, v. WILLIAM F. GROSS, APPELLEE.

FILED NOVEMBER 20, 1931. No. 2782ʏ.

*Frost, Hammes & Nimtz* and *Howard Saxton,* for appellant.

*John A. McKenzie, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

PER CURIAM.

On the 9th day of December, 1921, the plaintiff, May Gross, by constructive service, obtained a decree of divorce from the defendant, William F. Gross, in the district court for Douglas county, Nebraska. Said decree was obtained on the grounds of extreme cruelty, adultery, and desertion of the plaintiff and their minor children. Plaintiff was also given the sole care and custody of their four minor children, two girls and two boys. On the 14th day of June, 1930, the defendant filed a petition to modify the above divorce decree, alleging that plaintiff was not a fit person to have the care and custody of their three minor children, and praying that he be given said children. The plaintiff filed an answer and cross-petition to the petition of the defendant, denying that she is an unfit person to have the care and custody of said children, and alleging that the defendant is an unfit person to have the custody of said children; that she be allowed $6,160 for past maintenance of their said children, and $75 a month support money and $500 suit money. Upon these issues, said cause was tried by the district court, and on the 30th day of September, 1930, the court entered a decree modifying the former divorce by giving the defendant the custody of their two boys. Plaintiff's cross-petition was dismissed as to past maintenance and future support. It is from this decree that said cause comes to this court for review.

We have carefully examined the evidence in this case with regard to whether or not the plaintiff is or is not a proper person to have the care and custody of the three minor children of said parties, and we find that there is much evidence received which is hearsay and cannot be of benefit in the determination of the case.

The evidence discloses that the defendant deserted the plaintiff when the youngest child was about two months old and took up with his present wife, and that she was no doubt the cause of the separation and the divorce action. For years the defendant failed and neglected to support his children until the death of a daughter in 1930. During this period his children needed his financial assistance very much.

There is much in the record regarding the death of the oldest child, Bernice, most of which is incompetent. The evidence discloses that at the time of the death of Bernice Gross she was at the head of her class and well respected in the community. There is much testimony received in regard to the plaintiff taking her children several times to Mexicali, a city 25 miles from Brawley, California, the home of the plaintiff. The trips to Mexicali were few, of short duration, and if they had a tendency to reduce plaintiff's children morally should have been avoided; but this, taken into consideration with all the other evidence in the case, was not sufficient to justify the taking of plaintiff's children from her.

The evidence in this case discloses that the plaintiff is a hard-working woman, who has not been able to provide and care for her children as she would like, but she has done the best she could. She sought employment outside the home to earn additional money to care for her family. We do not find that the best interests of the three surviving children require that they be taken from their mother, but rather that they remain with her until the further order of the court. The custody of minor children awarded their mother in a divorce action will not be disturbed in a subsequent proceeding to modify the original decree, unless it is shown that the mother is an unfit person to have their custody, or that their best interest require such action.

We find that if the plaintiff had had the financial assistance of the father, she could have better cared for her children, and that such financial assistance would have avoided most of the ills about which the defendant complains; that the defendant has been able and should have contributed to the support and maintenance of his children; that he is now able to contribute and should contribute the sum of $25 a month for their support.

It is urged by the appellant that the trial court erred in dismissing her claim against the appellee and father of her four children for the fair and reasonable value of their support from November 1, 1923, to April 1, 1930. The trial court was not in error in finding that the evidence

was not sufficient to support a finding in favor of the appellant upon this claim.

For the reasons above mentioned, it is ordered that the decree heretofore entered, modifying the original decree, be reversed and set aside and the original reinstated, and that a further decree be entered requiring the defendant to pay the plaintiff $25 a month for the support of these children until the further order of the court; first payment due when the mandate is filed in the district court; that the part of the decree dismissing the plaintiff's claim for past maintenance of her children be affirmed. The appellant is allowed an additional sum of $250 as attorney's fees in this court. The judgment is reversed and the cause remanded, with directions to enter a decree in conformity to this opinion.

REVERSED.