EDWIN H. TOWLE ET AL., APPELLEES, V. RICHARDSON COUNTY, APPELLANT.

FILED FEBRUARY 21, 1936. No. 29466.

*J. H. Falloon* and *Bayard T. Clark,* for appellant.

*Mullen & Schepman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an appeal by Richardson county from a decree of the district court reducing the valuation of certain lands within Falls City School District No. 56 by 15 per cent.

The record discloses that the purported bill of exceptions filed in this case was quashed on motion of appellees. Under such circumstances, the only question before us is the sufficiency of the pleadings to sustain the judgment of the lower court. It will be presumed that the findings of fact made by the trial court are sufficiently supported by the evidence. *Lincoln Land Co. v. Commonwealth Oil Co.,* 109 Neb. 652, 192 N. W. 219; *Joyce v. Tobin,* 126 Neb. 373, 253 N. W. 413; *In re Estate of Raymond,* 128 Neb. 568, 259 N. W. 522.

The petition alleged that plaintiffs were the owners of lands used for agricultural purposes situated in Falls City School District No. 56, which district requires a tax levy for school purposes materially higher than the school taxes levied on like contiguous lands outside the district. It further alleged that, because of such higher taxes, the lands within School District No. 56 have a lower net revenue from the use thereof than other contiguous and nearby lands, otherwise of like character and value, which materially affects their market value. The petition further alleged that the assessment officers have refused to consider such tax condition in fixing the valuation of the lands in question for assessment purposes. Plaintiffs thereupon prayed for a decree reducing the assessed valuation of all agricultural lands within the district by 40 per cent. to secure uniformity with the assessed valuations placed upon

like lands outside the district but contiguous to or near the lands in question. The answer of the defendant county was a general denial.

Under the holding of this court in *Schmidt v. Saline County,* 122 Neb. 56, 239 N. W. 203, the petition in the case at bar states a cause of action. In that case, this court said: "The fact that a tract of land is subjected to an annual burden of $350 for taxation, while another tract, of like character and quality, lying adjacent thereto, is subjected to an annual burden of but $175 for taxation, has a tendency to, and no doubt does, affect the respective market or actual value of the two tracts. The one having the greater burden produces the smaller net income and, naturally, would be of less market value., Since taxes must be levied according to actual value, the taxing authorities are only concerned in determining what the actual value is, regardless of the causes which produce it, and to see that taxes are levied proportionately, according to the actual value, on all property."

Having determined that the petition states a cause of action, and it being presumed in the absence of a bill of exceptions that the evidence supports the findings of fact made by the court, the judgment ought to be and is

AFFIRMED.