LODENA MAE DOWNS, APPELLANT, V. FRED DOWNS, APPELLEE.

279 N. W. 151

FILED APRIL 8, 1938.  No. 30303.

*Jackson B. Chase* and *Bryce Crawford, Jr.,* for appellant.

*Shotwell & Vance, Benjamin S. Baker* and *Edward Shafton, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is a proceeding upon an application of a mother of a child against the divorced father for additional money for the support of the child. The father filed an answer and a cross-petition, asking that the care and custody of the child be awarded to him. The trial court, at the close of a three and a half day hearing, did not award the child to either the father or the mother, but to the chief juvenile probation officer of the district court for Douglas county, Nebraska, with certain orders as to the disposition of the money which was ordered paid by the father. The mother appeals from the order.

A brief review of the history of the case will perhaps help us to a better understanding of the issues. Differences arose between the father and mother of the infant child, Jean Lou Downs, in 1931, and a decree of divorce was entered as a consequence on the 29th day of March, 1932. At the time the minor child was about three years of age, and the decree awarded the care, custody and education of the child to the mother, who has had it since that time. The decree provided that the father should pay the mother for the support and maintenance of said child the sum of $30 a month, which sum has always been paid. In April, 1935, the mother made an application to increase the allowance. The application states that another application had been made, and a hearing held therein, but the record does not show this. The father filed an answer to that application, alleging the decree of March, 1932, and asking that the plaintiff's petition be dismissed. He also filed a cross-petition in which he asked that he be given the care and custody of the minor child. Since there is no bill of exceptions in this case, the cross-petition becomes important, because, without a bill of exceptions,

the only question to be considered by this court is the sufficiency of the pleadings to support the judgment of the trial court. If the pleadings are sufficient to support the judgment that was rendered by the trial court, it will be affirmed. *Towle v. Richardson County,* 130 Neb. 467, 264 N. W. 335; *Plantz v. Peony Park,* 129 Neb. 338, 261 N. W. 826; *State v. Barney,* 133 Neb. 676, 276 N. W. 676. In the absence of a bill of exceptions, it is presumed that an issue of fact raised by the pleadings received support from the evidence, and that such evidence was correctly determined. *State v. Barney, supra.*

If the cross-petition here is insufficient to support the judgment of the court, said judgment must be reversed. In this case, the care and custody of a nine-year old girl was taken from the mother after she had enjoyed it for over five years under a decree of divorce entered in March, 1932. The material part of the cross-petition is here set out: "The defendant alleges that the plaintiff is an improper person to have the care and custody of said minor child. * * * The plaintiff has no permanent place of abode, but shifts from place to place, and the child has no place of living, and has not been under the parental care of the plaintiff and has no means to take proper care and support of the said minor child."

These are the only allegations upon which the court could change the care and custody of the minor child. The first allegation is that the mother is an improper person to have the care and custody of the minor child. In its decree the trial court found generally against the father in his cross-petition. Nowhere in the decree is there a specific finding that the mother is an improper person to have the care and custody of her own nine-year old daughter. So far as the record is concerned, there is no finding of the trial court that the mother is an improper person to be awarded the care and custody of said child.

The other allegations in the cross-petition, stating that the plaintiff has no means with which to support herself

or to take care of the minor child, or that she has no permanent place of abode, are not sufficient allegations to deprive a mother of the care and custody of a minor daughter. This merely confirms the allegations of the plaintiff that the amount awarded is insufficient. There is no finding of the trial court that these are even true. The presumption that the facts supported the findings of the trial court on the allegations does not help to sustain the judgment under these findings, and the judgment cannot stand.

A decree of divorce was entered in the suit of the mother against the father of this child in March, 1932. That decree awarded the care and custody of the child to the mother. The decree, in so far as the minor child is concerned, is never final in the sense that it cannot be changed. Section 42-312, Comp. St. 1929, states: "If the circumstances of the parents shall change, or it shall be to the best interests of the children, the court may afterwards, from time to time, on its own motion, or on the petition of either parent, revise or alter to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

Where, as here, there is a decree awarding care and custody of a minor child to the mother in a divorce suit, it will not be modified unless the mother is unfit, or the best interests of the child require such action. *Gross v. Gross,* 122 Neb. 25, 239 N. W. 201; *Chambers v. Chambers,* 75 Neb. 850, 106 N. W. 993. The court does not find that the mother is unfit, and it is not alleged in the cross-petition or found by the court in the decree that the best interests of the child require that the decree be modified.

In view of the foregoing conclusions, it becomes imperative that the judgment of the trial court be reversed, and the petition and cross-petition be dismissed in the case, without, of course, prejudice to a further application with reference to the custody and support of the child. While perhaps the judicial processes of the court are inadequate to properly attend the needs of a child of divorced parents,

nevertheless the ordinary rules of pleading and evidence are applicable when resort is had to the courts. One of the safeguards thrown about such a child is that the decree is subject to modification to meet changing circumstances. But the record here does not establish the necessity or authority for a modification.

REVERSED.