SHERWIN, SHERWIN & CO., PLAINTIFFS IN ERROR, V. P. W. O'CONNOR, DEFENDANT IN ERROR.

Bill of Exceptions: TIME OF PRESENTATION TO TRIAL JUDGE. A bill of exceptions will not be dismissed upon the ground that it was not presented to the trial judge for his settlement and allowance within ten days from its return to the party seeking the allowance of the bill by the opposite party, unless it shall appear that the bill was not presented to such judge within fifteen days, or such additional time; not exceeding forty days from the adjournment of the court *sine die*, as might have been allowed by the court, and twenty days additional, making, in a case of full extension of the time allowed for the completion of the bill, sixty days in all.

MOTION to quash bill of exceptions.

*Sawyer & Snell*, for the motion.

*J. L. Caldwell*, contra.

COBB, J.

This a motion to quash the bill of exceptions. The reason assigned is, that the said bill, together with the amendments thereto proposed by the defendant, was not presented to the Hon. S. B. Pound, the judge who heard and tried the cause, to settle and allow the same within ten days after the same was returned to the plaintiff in error, upon five days' notice, etc.

A motion to dismiss is technical in its nature, and will be strictly construed. The provisions of law for the settlement and allowance of bills of exceptions are to be found in section 311 of the civil code. It is provided that, "the party so excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the adjournment of the court *sine die*, and submit the same to the adverse

party, or his attorney of record, for examination and amendment if desired. * * * Within ten days after such submission the adverse party may propose amendments thereto, and shall return said bill with his proposed amendments to the other party or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions. If no amendments are proposed, or if proposed and allowed, the proposed bill may be presented with the amendments, if any, to the judge for settlement, without notice to the adverse party or his attorney of record."

In the case of *First National Bank v. Bartlett*, 8 Neb., 319, the above section was construed. In the opinion the court say: "The design of the law, evidently, is to allow a fixed period for the presentation of a bill to the adverse party for the proposal of amendments, and for presenting the amended bill to the judge for his approval and signature, being analogous, in that regard, to the return and answer day of a summons."

Ordinarily a summons is returnable on the second Monday after the day of its date. The answer or demurrer of the defendant must be filed on or before the third Monday after the return day of the summons, and the actual service and return of the summons at any time before the return day will not shorten the time for the answer.

In the case at bar, the time fixed by the court for the reducing of the exceptions to writing and submitting the same to the adverse party, or his attorney of record, for examination and amendment if desired, was forty days from the adjournment of the court *sine die*. The defendant in error was then entitled to ten days, in addition to the forty days as above stated, in which to propose his

amendments, and return the bill to the plaintiff in error, or his attorney of record, and the latter was entitled to ten days, in addition to the above forty and ten, making sixty days in all from the adjournment of the court *sine die* in which to present the bill of exceptions with the proposed amendments, if any, to the judge for settlement and signature.

The defendant in error was entitled to five days' notice of such presentation, and neither of the above terms, nor the aggregate time allowed for the performance of either of said acts, will be shortened, or advanced, by the doing of any of the acts above enumerated in advance of the time limited in the statute for the same.

It follows, therefore, that, unless it. appears that the date upon which the bill of exceptions was presented to the judge who tried the cause was outside of sixty days from the day of the adjournment of the court *sine die* for the term at which the judgment was rendered, the motion to quash the bill of exceptions must be overruled. I have carefully examined the record presented, and fail to find any certificate or statement of the day or time of the final adjournment of said term.

The motion is therefore overruled.

MOTION OVERRULED.

THE other judges concur.