Greenwood v. Cobbey.

H. A. GREENWOOD, PLAINTIFF IN ERROR, v. THOMAS D. COBBEY, DEFENDANT IN ERROR.

1. Bill of Exceptions. Where a judge of the district court before whom a cause was tried extends the time from 40 to 80 days from the adjournment of the court in which a party may prepare and serve a bill of exceptions, it is unnecessary to preserve the evidence on which such extension was granted; nor ordinarily is the order subject to review.

2. ———. The provisions of the code relating to bills of exceptions are to be liberally construed.

3. ———. When a judge decides upon the evidence before him that the party seeking a bill of exceptions has made a "due showing of diligence" in the preparation of the bill, and therefore extends the time in which to prepare the same, the supreme court will not review the evidence on which such extension was granted for the purpose of determining whether the showing was sufficient.

MOTION to quash bill of exceptions.

*A. D. McCandless, J. E. Bush,* and *T. D. Cobbey,* for the motion.

*L. W. Colby* and *Charles O. Whedon, contra.*

MAXWELL, J.

On the 10th day of March, 1888, the defendant recovered a verdict against the plaintiff in the district court of Gage county. A motion for a new trial was thereupon filed and overruled, and judgment entered on the verdict, and forty days given the plaintiff to reduce his exceptions to writing and serve the same on the adverse party. Court adjourned *sine die* on the 5th day of April, 1888. The plaintiff did not reduce his exceptions to writing within forty days from April 5th, but on May 16th applied to the judge of the district court for an order extending the time. The judge thereupon made the following order:

"STATE OF NEBRASKA, ⎫
　GAGE COUNTY.　　⎬

"It appearing to me that the defendant, Greenwood, has used due diligence to obtain the bill of exceptions and allowance thereof in this cause, and has failed to secure the settlement and allowance of the same in the time allowed by court, the time heretofore allowed is hereby extended by me forty days additional. The bill of exceptions to be presented to plaintiff Cobbey within twenty days

from date of this order, and said Cobbey to have ten days to prepare objections or amendments thereto, and return same to defendant, and same to be presented to the judge for allowance within ten days thereafter.

"J. H. BROADY,
"Judge.

"Dated May 16, 1888."

Within the time fixed in this order the plaintiff presented a bill of exceptions to the defendant, who wrote out his reasons at length for refusing to approve the bill, the substance of his objections being, that the bill was not presented to him within forty days from the rising of the court. On the 8th day of June, 1888, the plaintiff served notice on the defendant that on the 13th day of that month, at the court-house in said county, at 9 o'clock A.M. of said day, he would submit the bill to Judge Broady for settlement and allowance. At the time stated the defendant appeared before Judge Broady and objected to the allowance of the bill, because the plaintiff had not used due diligence in procuring the same, and Judge Broady had no authority to extend the time, for two reasons: 1st, he could not extend the time after the expiration of 40 days; and 2d, to justify such extension he must have sufficient evidence of due diligence on the part of the plaintiff. In support of the second proposition, the defendant introduced a large amount of testimony, which was preserved in a bill of exceptions and is now before us. Judge Broady overruled the objections, and signed the bill and ordered it to be made a part of the record of the case. The defendant now moves to quash the bill, on the grounds that the judge had no authority to extend the time after the expiration of forty days; and 2d, because there was not sufficient evidence before the judge to justify him in extending the time.

Section 311 of the code, after prescribing the procedure in settling a bill of exceptions, provides: "That in cases

where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same, as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties."

It will be seen that the statute imposes no condition that the extension shall take place within the forty days next succeeding the adjournment *sine die* of the court. In many cases this would be impracticable, as where the reporter and the judge resided or were attending court in a county other than that in which the attorney desiring the bill resided. The latter may have seasonably ordered the bill prepared by the stenographer, and have reason to expect that it will be prepared and transmitted to him within the forty days fixed by the court. If he fails to receive it within the time fixed, and has used due diligence, the default cannot be laid to his charge, and he should not be deprived of the benefit of the bill. The ordinary liberal rules for construing the code are applicable to every part of it, and apply to the preparation and signing of a bill of exceptions.

The case is somewhat analogous to an extension of time by the court or judge for filing an answer or reply as provided in section 111. In such case the fact that the time to answer or reply has expired has never been held (in this state at least) to preclude the court or judge from extending the time in which to file such answer or reply; and where the application is made in good faith, the fact that the party is in default will not deprive him of the right.

2d. The words, "it shall be competent for the judge who tried the cause, on due showing of diligence, and not otherwise, to extend the time herein allowed," etc., were

designed to confer power upon the judge when sufficient reasons appeared to satisfy him that the party had used due diligence to extend the time in which the bill may be prepared. The stenographer is a member of the judge's own court, employed there to reduce the oral proceedings to writing, and the judge may know as a fact that such stenographer has been too busily engaged to prepare the bill ; or other facts may be within his own knowledge sufficient to convince him that the party seeking the preparation of the bill has used due diligence. This evidence need not be in the form of an affidavit, deposition, or in writing. It is addressed to the judge, and without a gross abuse of discretion is not subject to review.

A somewhat analogous question arose in *Smith v. State*, 4 Neb., 277, where the judge of the district court in vacation had adjourned the term. The adjournment, in fact, was against his own inclination, but was made at the request of and in deference to the attorneys of the county, and was made under the following provision of the statute : "If the judge is sick, or for any other sufficient cause is unable to attend court at the regular appointed time, he may by a written order direct an adjournment to a particular day therein specified, and the clerk shall, on the first day of the term, or as soon thereafter as he receives the order, adjourn the court as therein directed." The court say : "This was the authority under which the judge assumed the responsibility of an adjournment of the court, as before stated. But we are told that the judge was not sick nor unable to attend and hold the court, at the time fixed by law, had he been so disposed. We are of opinion, however, that the reason which operated on the mind of the judge, and induced him to send the written order of adjournment, cannot be questioned in this proceeding. It is enough to know that he acted upon grounds which he deemed 'sufficient cause,' and adjourned the court. He was not required to disclose that cause, but

having done so does not subject his action in this respect to judicial criticism by this court."

This ruling would seem to be applicable in this case. This court will not review the grounds upon which a judge may have granted additional time as provided by the statute in which to prepare a bill of exceptions. The motion to quash the bill is therefore overruled.

MOTION OVERRULED.

THE other judges concur.