ANDREW J. HANSCOM, APPELLEE, V. VICTOR G. LANTRY ET UX., APPELLANTS.

FILED JUNE 2, 1896.    No. 8453.

1. **Bill of Exceptions:** ALLOWANCE: EXTENSION OF TIME: TRIAL JUDGE. The Code, previous to 1877, required exceptions to be reduced to writing and allowed during the term at which they were taken. By amendment in the year named it was provided that the party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the rising of the court. (Code of Civil Procedure, sec. 311.) In 1881 said section was so amended as to authorize an extension of time by the judge before whom the cause was tried, not exceeding forty days in addition to that allowed in the first instance, upon a showing of due diligence. *Held*, That the application under the amendment last mentioned should be addressed to the judge to whose ruling the exception was taken, and that an order by another judge of the same district extending the time within which to settle the bill of exceptions is ineffective for that purpose.

2. ———: ———. The duty of a judge with respect to the allowance of exceptions is, within statutory limitations, a continuing one and does not terminate with the qualification of his successor in office. (*State v. Barnes*, 16 Neb., 37; *Quick v. Sachsse*, 31 Neb., 312.)

3. ———. *Payne v. Jones*, 33 Neb., 260, distinguished.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J.

Submitted on motion of appellee to quash the bill of exceptions. *Motion sustained.*

*D. W. Merrow*, for appellants.

*George E. Pritchett*, for appellee.

POST, C. J.

This is an appeal from an order of confirmation by the district court for Douglas county, and is submitted upon the motion of the appellee, Hanscom, to quash the bill of exceptions filed herein. It appears from the record that the order appealed from was entered by Hon. George W. Ambrose, one of the judges of the district court for said county, on the 26th day of October, 1895, and that on said day, exception being taken to the order mentioned, the court, on motion of appellants, fixed the amount of a supersedeas bond without extending the time within which to prepare and serve a bill of exceptions. On January 4, 1896, the term of court was adjourned *sine die*, and on January 8 Judge Ambrose's term of office expired. On January 13, 1896, appellants procured from Hon. C. R. Scott, one of the judges of said district, an order extending the time for settling their bill of exceptions until February 1. On February 5 a second order was made by Judge Scott, by which appellants were allowed fifteen days' additional time from and after the expiration of the time first allowed, and on February 5 Judge Ambrose allowed the bill of exceptions over the objection of the appellee, his certificate, otherwise in the usual form, con-

taining this recital: "I was present in Omaha on January 13, 1896. No application was made to me to extend the time for preparing and serving a bill of exceptions herein."

The question first suggested by the foregoing statement is that of the authority of Judge Scott to extend the time within which the appellants were required to prepare and serve their bill of exceptions. Section 308 of the Code, previous to the amendment of 1877, required exceptions to be reduced to writing during the term at which they were taken. (*Monroe v. Elburt*, 1 Neb., 174; *Heady v. Fishburn*, 3 Neb., 263; *City of Seward v. Klenk*, 27 Neb., 615.) Said section was in the year above named amended to read as follows: "The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the same to writing as hereinafter provided." Section 311 was at the same time so amended as to provide that "the party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days, from the rising of the court, and submit the same to the adverse party or his attorney of record for examination and amendment." (Session Laws, 1877, p. 11.) In 1881 the last named section was further amended by the addition thereto of the following provision: "In cases where the party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon showing of due diligence and not otherwise, to extend the time herein allowed, but not beyond forty (40) days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties." (Laws, 1881, ch. 27, sec. 1.) It seems clear that the foregoing provisions contemplate two distinct orders respecting the time within which to procure the allowance of bills of exceptions, viz., (1) such time as may in the first instance be prescribed by the court,

not exceeding forty days from the adjournment *sine die* of the term. (2) Such additional time, not exceeding forty days, as may upon proper showing be allowed by the judge before whom the cause was tried. It follows that appellants' motion for additional time within which to procure the allowance of their exceptions should have been addressed to Judge Ambrose, by whom the order of confirmation was made, and that the orders in that behalf by Judge Scott were ineffective for the purpose intended. Nor is the fact that the proceedings in question were had subsequent to the expiration of Judge Ambrose's term of office at all material, since, as held in *State v. Barnes*, 16 Neb., 37, and *Quick v. Sachsse*, 31 Neb., 312, the duty of a judge with respect to the allowance of exceptions, within statutory limitation, is a continuing one and does not terminate with the qualification of his successor in office.

We have been referred to *Payne v. Jones*, 33 Neb., 260, in support of the contention that Judge Scott was authorized to allow the extension of time; but that case is, we think, not in point for two reasons: (1.) Because the judge before whom it was tried below was, at the date of the order there mentioned, absent from the district, while Judge Ambrose was, as shown by the record before us, present in the city of Omaha and qualified to make such orders as were essential to preserve the rights of the parties. (2.) The report of the case cited does not disclose the date of the judgment complained of, whether any time was allowed by Judge Hamer, before whom it was tried, or whether the subsequent order by Judge Church was made during the same or another term, or in vacation. The conclusion drawn by counsel from that case is opposed to the express terms of the statute, and imputes to the court a meaning which is neither the necessary nor logical result of the language employed in the opinion. We prefer to regard what is there said as applicable to such orders only as are contemplated in the first instance, and which, in the exercise of the authority conferred upon

Hanscom v. Lan ry

the court, may be made by any judge thereof during the term, rather than to subsequent orders authorized by the amendment of 1881, which must, in the language of the statute, be made by "the judge who tried the cause." (Laws, 1881, ch. 27, sec. 1, p. 202.) But assuming what cannot be admitted, viz., that there are to be found in the report of that case expressions in conflict with the conclusions here stated, they should be understood as *obiter* merely, and not decisive of the question under discussion.

Our attention is also directed to the affidavits submitted in support of the application addressed to Judge Scott. It is sufficient, without further reference to them, that they tend strongly to prove that the failure to secure a bill of exceptions within fifteen days from the adjournment of the term was in nowise attributable to the negligence of the appellants or their attorney. Such proof would, we must assume, had it been submitted to Judge Ambrose, have entitled appellants to the order sought; but, however meritorious their claim in that behalf, it cannot be successfully interposed in resistance of the motion to strike, since to the district court or judge, and not to this court, has been confided discretion with respect to the subject involved. As said by REESE, C. J., in *Greenwood v. Craig*, 27 Neb., 669, "the whole matter of the extension of time for the settling of bills of exceptions is regulated by statute, and in order to procure the settling of a bill of exceptions, parties desiring such settlement must bring themselves within the law upon the subject."

MOTION SUSTAINED.