GUY MATHEWS v. H. B. MULFORD.

FILED JANUARY 3, 1898.   NO. 7436.

1. Bill of Exceptions: ALLOWANCE: LACHES. The fact that the party excepting was diligent, and the delay in serving a bill of exceptions was caused by the official reporter's default in preparing a transcript of the testimony, does not authorize the submission of the bill after the expiration of the time fixed by law and the order of the court.

2. New Trial: BILL OF EXCEPTIONS: NEGLECT OF STENOGRAPHER. A court of equity will grant a new trial in a proper case where a party has been deprived of a bill of exceptions by reason of the inability of the stenographic reporter to furnish a transcript of the testimony in time.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Affirmed.*

*Smith & Sheean*, for plaintiff in error.

*I. R. Andrews, contra.*

POST, C. J.

This action was instituted in the court below by Guy Mathews, an infant, by Mellon L. Mathews, his

next friend, to recover for personal injuries.    At the close of plaintiff's testimony the jury, under the directions of the court, returned a verdict for the defendant, and to reverse the judgment entered thereon is the purpose of these proceedings.

The cause was tried at the September, 1893, term of the district court of Douglas county, which adjourned *sine dic* on January 5, 1894.    Forty days from the rising of the court was allowed for the preparation and service of a bill of exceptions.    The trial judge extended the time an additional forty days.    The official stenographer furnished the plaintiff with a transcript of the evidence . on May 29, 1894, with his certificate attached to the effect that owing to the large amount of official business in his hands, he was unable sooner to complete the transcript of the evidence.    The proposed bill of exceptions was served upon counsel for defendant two days later, which was considerably more than eighty days from the rising of the court.    The draft of the bill was returned to plaintiff with the indorsement thereon objecting to the allowance thereof on the ground that the same was not served in time.    The bill was allowed by the trial judge, subject to the foregoing objections.    Under the foregoing facts can the bill of exceptions be considered for any purpose? Plaintiff argues the affirmative of the proposition and cites in support of his contention *Richards v. State*, 22 Neb. 145.    The cases are substantially alike, but the opinion in *Richards v. State, supra,* upon the question before us was in express terms overruled in *Horbach v. City of Omaha*, 49 Neb. 851, in which last case it was decided that a bill of exceptions not presented to the adverse party within the time  fixed by law and the order of the court cannot be considered, over objection, notwithstanding the delay in the presentation was caused solely by the default of the official reporter in preparing a transcript of the evidence.    Following that decision the bill of exceptions must be disregarded.    The remedy, if any, is by application to a court of equity for a new trial.

(*Curran v. Wilcox*, 10 Neb. 449; *Holland v. Chicago, B. & Q. R. Co.*, 52 Neb. 100.)   Being unable without a consideration of the testimony to determine whether any error was committed in directing the verdict, the judgment is

AFFIRMED.