CHARLES STOCK V. MELCHOIR L. LUEBBEN.

FILED JUNE 30, 1904. No. 13,747.

Bill of Exceptions. The trial court has no authority to extend the time for preparing and serving a bill of exceptions more than 80 days from the adjournment of the term at which the cause was tried, motion for new trial overruled and judgment entered. A bill allowed in violation of this provision of the statute will be quashed upon motion duly made in this court.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Motion to quash bill of exceptions sustained.*

*Tibbets Brothers & Morey,* for plaintiff in error.

*Thomas H. Matters, contra.*

SEDGWICK, J.

This motion to quash the bill of exceptions is based upon the fact that the bill was not presented to opposing counsel within 80 days from the final adjournment of the term of court at which the case was tried. There was quite a satisfactory showing of diligence on the part of the attorneys who procured the bill to be settled and allowed. This evidence shows that it was solely the fault of the court reporter, and the question is whether, under such circumstances, the delay beyond the 80 days in presenting the bill to opposing counsel is fatal to the settlement of the bill. It was held that such delay is not fatal in *State v. Gaslin,* 32 Neb. 291, and in *Richards v. State,* 22 Neb. 145, but in *Horbach v. City of Omaha,* 49 Neb. 851,

the case of *Richards v. State* is reviewed fully and over-ruled upon this point, and the rule declared to be that the statute is mandatory, and that no bill of exceptions can be settled and allowed by the trial court that has not been presented to the opposing counsel within the 80 days. This ruling is followed in *Mathews v. Mulford,* 53 Neb. 252, and it is there stated that the remedy, when the delay has been caused by the neglect of the reporter in making the transcript, is by application for a new trial. Following these later cases, which seem to be well reasoned, this motion must be sustained. This places great responsibility upon the official reporters of the trial courts. It will rarely, if ever, happen that 80 days will be too short for the performance of this duty, if the importance of the matter is duly appreciated. Inefficient and negligent reporters should not be tolerated. The delay and expense of another trial, made necessary solely by the inefficiency of a court reporter, are serious matters.

MOTION SUSTAINED.