OLIVER CHAPMAN, APPELLANT, V. CARRIE P. PERSON ET AL., APPELLEES.

FILED MARCH 9, 1934. No. 28859.

*Fred S. Berry* and *McDonald & Edens,* for appellant.

*Russell W. Bartels,* guardian *ad litem, H. E. Siman* and *J. E. Brittain, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

PER CURIAM.

This was an action for foreclosure of a certain real estate mortgage brought by the plaintiff Oliver Chapman against Carrie P. Person and Per Person. Russell W. Bartels was duly appointed guardian *ad litem* for Carrie P. Person, as an insane defendant, and also appears in this cause on appeal as an appellee. There was a judgment in the district court denying relief and dismissing plaintiff's action, and he appeals.

Preliminary to the determination of the merits of the controversy, there was presented a motion to quash the bill of exceptions.

The record in this case discloses that the final judgment appealed from was entered February 17, 1933, a regular day of the November, 1932, term of the district court for Wayne county which adjourned *sine die* on May 1, 1933. The transcript on appeal was filed May 12, 1933. Appellant's brief was filed June 7, 1933. Appellees' briefs were filed July 24 and August 25, 1933. No order was entered in this cause extending the time for settling or allowing the bill of exceptions.

On November 25, 1933, notice was served by the guardian *ad litem* upon appellant of motion to dismiss the appeal because no bill of exceptions had been filed in the cause. On November 28, 1933, a bill of exceptions, settled and allowed by the trial judge on September 18, 1933, was filed in this court. Thereafter the motion to dismiss the appeal because of the absence of the bill of exceptions was by this court denied. On January 26, 1934, a motion

to quash the bill of exceptions was filed. It will be noted that 140 days elapsed between the date of the final adjournment of the term at which the judgment appealed from was entered and the date of the settlement and allowance of the bill of exceptions by the trial judge. This motion we were compelled to sustain.

The language of Rose, J., in *Lincoln Land Co. v. Commonwealth Oil Co.*, 109 Neb. 652, is applicable to the facts above outlined, states the controlling principles governing the disposition of the present case, and is as follows: "A motion to quash the bill of exceptions was submitted with the case on its merits, and is sustained for the reason that it was signed by the trial judge after the statutory period for allowing it had expired. The judgment from which defendant appealed was rendered and entered on the journal April 13, 1921, at the February term which expired June 3, 1921. The bill of exceptions was signed by the trial judge December 26, 1921. That was too late. He had no authority to settle it more than 100 days after the expiration of the term. *Walker v. Burtless,* 82 Neb. 211. It is argued, however, that the motion should not be sustained because the briefs of defendant were filed before plaintiff objected to the bill of exceptions. This position is untenable. The bill of exceptions did not reach the appellate court until after defendant's briefs were filed (*Stock v. Luebben,* 72 Neb. 254). With the bill of exceptions quashed in the appellate court, it will be presumed that the evidence sustains the findings of fact below on the material issues. The inquiry on appeal is thus narrowed to the sufficiency of the pleadings to support the judgment," which are in no manner questioned by the appellant in the instant case.

It follows that the motion to quash the bill of exceptions having been sustained, the judgment of the district court is

AFFIRMED.