IN RE ESTATE OF CHARLES BOSCHULTE.
FRED BOSCHULTE ET AL., APPELLEES, v. H. W. SCHOETTGER, EXECUTOR, APPELLANT.

FILED JANUARY 30, 1935. No. 29444.

*Montgomery, Hall & Young,* for appellant.

*Abbott, Dunlap & Corbett* and *Harry E. Stevens, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

PAINE, J.

This cause was presented to the court upon an oral argument on a motion to quash the bill of exceptions for the reason that the trial judge entered an order for an extension of time for preparing and serving the bill of exceptions after the first 40 days had expired.

A decree was entered in this case in the district court for Washington county on August 20, 1934, and on September 10, 1934, the motions for new trial were overruled, said entries being made in the March, 1934, term of the district court for Washington county, which term adjourned *sine die* on September 24, 1934. The bill of exceptions filed herein was served upon appellees on November 16, 1934. An application for an extension of time within which to prepare and serve such bill of exceptions was made to the trial court on November 13, 1934, being more than 40 days, to wit, 50 days, after the adjournment of the term of court. In support of their motion to quash the bill of exceptions, appellees contend that after the expiration of 40 days after the adjournment of the term of court the district court is without jurisdiction or authority to extend the time for the preparation and service of the bill of exceptions.

In support of the motion, appellees cite 4 C. J. 282: "(c) Time for Making Order. An order extending the time within which to present, settle, sign and file a bill of exceptions may be made during the trial, at the time of ruling upon the motion for a new trial, or when the cause is properly on the docket for the purpose of settling the bill; but the time for settlement, signing, or filing a bill of exceptions cannot be extended by an order made after the time prescribed by statute, or previously granted by the court, has expired."

They also cite *Pieser v. Minkota Milling Co.,* 78 N. E. 20

(222 Ill. 139) which holds: "Where, on the entry of a judgment on June 22d, 30 days was allowed within which to file a bill of exceptions, but none was filed within that time, an order entered on August 13th *nunc pro tunc* as of July 22d, allowing additional time for filing the bill of exceptions, was void."

Appellees insist that, under our Nebraska statute, after 40 days after the adjournment of a term of court the district court has lost authority to make any order in reference to an extension of time, and that any order for additional time must be made prior to the expiration of the first 40 days, and insist that the court is without jurisdiction to make an order extending the time within which the bill of exceptions may be presented, and cite the above authorities in support of this holding.

Section 20-1140, Comp. St. 1929, provides that the appellant must, within 40 days from the adjournment *sine die* of the term of court at which the judgment is rendered or the motion for a new trial ruled on, submit a bill of exceptions for examination and amendment to the adverse party, and that, if the party has used due diligence and has failed to secure a settlement and allowance of the bill of exceptions, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time allowed, but not beyond 40 days additional. In addition to these 80 days, the same section provides that the party to whom the bill of exceptions is submitted may propose amendments within 10 days after the submission to him, and that such bill of exceptions must within 10 days thereafter be presented to the judge upon five days' notice to the adverse party, at which time the judge shall settle the bill of exceptions. In those cases where a 40-day extension has been duly allowed, then the statute allows a total period of not exceeding 100 days from the adjournment *sine die* of that term of court to have the bill of exceptions settled by the trial judge. In the early cases in Nebraska it appears that at times these definite limits were not closely followed.

But in the recent decisions it has been held jurisdictional that the bill of exceptions must in any event be signed and allowed by the judge within the 100 days granted. The question in this case is whether the application and order granting an additional 40 days must be made within the first 40 days, or can be made thereafter.

It is entirely possible in any case that an official court reporter, in perfect good faith, may have given every assurance to counsel for the appellant that he will have ample time to complete and deliver the bill of exceptions to him within the first 40 days; then, at the last moment, by reason of sudden sickness, or by the calling of a special term of court, which he is required by law to attend, and which he had no reason to anticipate, he finds himself unable to deliver the bill of exceptions within the first 40 days.

It is clearly within the provisions of the statute that, if due diligence is shown to the satisfaction of the trial court, the judge has the power to grant an additional 40 days. In our opinion the trial court had the right, upon the showing presented in this case, to issue an order 53 days after the adjournment of the term *sine die,* granting an additional 40 days, to take effect from the expiration of the first 40 days.

We have been unable to find that this exact point has been passed upon by this court, but decisions have indicated that such might be the holding, and the limit of 100 days is the only definite time which has been held jurisdictional. *First Nat. Bank of Denver v. Lowrey,* 36 Neb. 290; *Walker v. Burtless,* 82 Neb. 211; *Shaw v. Diers Bros. & Co.,* 124 Neb. 119; *Chapman v. Person,* 126 Neb. 340. We find no Nebraska opinion to the contrary of our holding herein. It is, therefore, ordered that the motion of the appellees to quash the bill of exceptions be overruled.

MOTION OVERRULED.