SCOTTS BLUFF COUNTY, APPELLANT, V. MATTHEW H. MC-HENRY ET AL., APPELLEES.

FILED MARCH 29, 1935. No. 29407.

*Wright & Wright,* for appellant.

*J. L. Grimm* and *Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The appellee has moved to quash the bill of exceptions in this case for that it was not served and settled within the statutory time.

The term of the court at which the judgment was entered was adjourned on October 20, 1934. The bill of exceptions was served January 7, 1935, which was 79 days after the adjournment of the term. There is no order

extending the time an additional 40 days for serving the bill of exceptions.

It is conceded by the appellee that, if the bill of exceptions had not been served within 80 days or had not been settled by the trial judge within 100 days after the term, it should properly be quashed. *In re Estate of Boschulte,* ante, p. 316; *Horbach v. City of Omaha,* 49 Neb. 851; *Lincoln Land Co. v. Commonwealth Oil Co.,* 109 Neb. 652. But it is argued that, where service was made within 80 days and settled by the court within 100 days from adjournment of the term, the failure to obtain the proper order extending the time may be waived by appellee.

In the case of *Omaha & N. N. R. Co. v. Redick,* 14 Neb. 55, it was held: "Where an attorney of record, to whom a bill of exceptions is presented for examination, proposes amendments thereto without objection, he cannot afterwards be heard to complain that it was not presented to him within the statutory time."

In the case of *Cheney v. Cooper,* 14 Neb. 413, the bill of exceptions was served upon the attorney for appellee who made the endorsement, "examined and found correct," and signed and returned it to his adversary. Upon a motion to quash the bill of exceptions, the court held: "That the defendants' attorneys, by not objecting to the bill on that ground, and certifying to the correctness of the same, had waived the objection."

In the case of *State v. Gaslin,* 32 Neb. 291, this court issued a writ of mandamus requiring the trial judge to settle a bill of exceptions which had not been served within the statutory time. It was then said: "There is another reason why the proposed bill should be signed and allowed. It was submitted by the relator to the attorney for the defendants in the suit, on the 24th day of April, 1890, who on May 14, 1890, returned the same to the relator without making any objection either as to its correctness or as to the time it was submitted to him. He therefore waived the objection that it was not served upon him, or presented to the judge for his signature, within the

statutory period." In *Lincoln Land Co. v. Commonwealth Oil Co.*, 109 Neb. 652, this court sustained a motion to quash the bill of exceptions because it was not settled within the 100 days provided by law. It was there held that the trial judge had no authority to settle the bill of exceptions more than 100 days after the expiration of the term, citing *Walker v. Burtless*, 82 Neb. 211. In *Gray v. Elbling*, 35 Neb. 278, the court said: "Upon the facts shown by the record it does not appear that there was an order extending the time to prepare a bill of exceptions or application for an extension of time. There was no authority, therefore, for the judge to sign a bill, and a motion to quash is well taken." From the opinion, we gather the facts that the plaintiff claimed that the time had been extended and moved to correct the record. This was contested as a question of fact by the defendant. The trial court overruled this motion in effect holding "That no such order had been made, and it does not appear that there was any cause whatever for the delay." The trial court refused to extend the time and then settled the bill of exceptions. This court held that this was a finding that there was no cause for delay such as to warrant an extension. The defendant contested the right of plaintiff to have the bill settled and waived nothing. In the case at bar the appellee waived the omission of an order extending the time and there was good cause for the delay, sufficient to require an extension. If the trial court had made an order extending the time when he settled the bill of exceptions, as the language of the opinion indicates he might have done, it is a reasonable inference that this court would then have announced the rule so lately adopted in *In re Estate of Boschulte, ante*, p. 316.

In *Conway v. Grimes*, 46 Neb. 288, the motion for new trial was overruled October 14, 1891, and it was presented to the trial judge for the first time and settled September 24, 1892. The record did not disclose when the term ended at which the judgment was rendered. The court refused to indulge in the presumption that, where a judg-

ment is rendered October 14, 1891, the term did not adjourn until July 23 the following year.

In *Greenwood v. Craig,* 27 Neb. 689, the bill of exceptions was served out of time and no order had been made extending the time. When the bill of exceptions was served, the defendant in error refused to acknowledge service because it was out of time. The court refused to correct the record, upon motion, to make it appear that additional time had been granted. The trial court in effect held that no order extending the time had been allowed. It was not waived by acknowledging service of bill as in this case. This court quashed the bill of exceptions which the trial court stated was allowed for the reason that plaintiff in error "was laboring under the wrong impression that an extension had been granted."

In *Horbach v. City of Omaha,* 49 Neb. 851, the bill of exceptions was presented after the time allowed by statute and was quashed. It was held there that the bill of exceptions could not be presented after the expiration of the second 40 days upon a showing of diligence. Incidentally, counsel proposed no amendments, but objected to the allowance of the bill because out of time. Nothing was waived here.

The present statutory provision is found in section 20-1140, Comp. St. 1929, as follows: "The party excepting must reduce his exceptions to writing within forty days from the adjournment *sine die* of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired." It is also there provided: "In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making

such specific directions in that behalf as shall seem just to all parties."

The design of this statute is to allow a fixed time within which a bill of exceptions must be presented to the adverse party and be submitted to the trial judge for settlement. The cases are now in substantial accord that the bill cannot be served after 80 days and cannot be settled after 100 days. As stated in *In re Estate of Boschulte, ante,* p. 316, the earlier cases were somewhat lax in maintaining the statutory limit, but in recent cases this time has been held jurisdictional. It is not our intention to modify this rule which has now become so well settled.

However, the circumstances in this case reveal that the bill of exceptions was served on the appellee on the seventy-ninth day; that no objection was made that it was not served in time; that it was returned within four days without any proposed amendments, and was settled by the trial judge on the ninety-seventh day. At the time it was served, or the seventy-ninth day, the trial court could have entered an order allowing up to 80 days to serve it.

On the fifty-sixth day after the term, on December 15, 1934, there was filed in this court a stipulation that the bill of exceptions had not been completed, which delay was not due to any fault of the parties, and agreed on an extension of brief day.

All the circumstances in this case indicate that the appellee waived the failure of the appellant to obtain a proper order extending the time for service of the bill of exceptions. If the omission had been called to the attention of the trial court at the time it was served, the seventy-ninth day, an order allowing an extension of 40 additional days would undoubtedly have been made. A comprehensive examination of our former decisions discloses that they contain language that cannot be entirely harmonized. However, there seems to be a distinction which can be drawn from the facts of the various cases. The rule announced in each case relates to and must be read in connection with the facts. We are constrained to

hold in this case that where a bill of exceptions is served within 80 and settled within 100 days, the omission to obtain an order extending the time is waived by appellee who signs and returns it to appellant without proposed amendment and without objection.

In such a case, the statute (Comp. St. 1929, sec. 20-1140) limits the time for serving bill of exceptions, under any circumstances, to 80 days from the end of the term, and the court is without jurisdiction to settle same after 100 days. We are of the opinion that this rule is not diametrically opposed to any announced in any previous decision.

We are influenced in our conclusion somewhat by the fact that it is stipulated that the failure to serve the bill of exceptions within the first 40 days allowed was through no fault of the parties. In this state of the record, the appellant would be entitled to a new trial. In *Mathews v. Mulford*, 53 Neb. 252, it was held: "A court of equity will grant a new trial in a proper case where a party has been deprived of a bill of exceptions by reason of the inability of the stenographic reporter to furnish a transcript of the testimony in time."

Section 20-853, Comp. St. 1929, provides: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." This is not construed to mean that the jurisdiction of the court may be extended beyond that given by section 20-1140, Comp. St. 1929, but where the error does not affect the substantial rights of the adverse party and where technical compliance was waived, as in this case, the bill of exceptions will not be quashed.

MOTION OVERRULED.