VERNER MARKEL, APPELLEE, V. RICHARD GLASSMEYER, APPELLANT.
VERNER MARKEL, APPELLEE, V. RICHARD GLASSMEYER, APPELLANT.

273 N. W. 33

FILED MAY 7, 1937. NOS. 29988, 30012.

 

*Spencer & Neumeister, Moran & James* and *William A. Robertson,* for appellant.

*W. G. Kieck* and *Lloyd E. Peterson, contra.*

Heard before Goss, C. J., Rose, Good, Day, Paine and Carter, JJ., and Lightner, District Judge.

Goss, C. J.

The main case here is No. 29988. There are two transcripts but only one bill of exceptions. The cases are briefed and argued together. There is in effect but one case. Plaintiff sued defendant for damages for personal injuries arising from an alleged assault on plaintiff's wife. Trial by jury resulted in a verdict and judgment for plaintiff April 29, 1936. Defendant's motion for a new trial was overruled June 3, 1936, and notice of appeal was given.

August 17, 1936, defendant filed another motion for a new trial, stating that he had served a bill of exceptions on plaintiff on July 23, 1936, within 40 days after the April term had adjourned *sine die* on June 15, 1936, but that plaintiff and his attorneys had retained the bill of exceptions beyond the time appellant had to procure a settlement of the same. The motion alleged that the court and clerk had lost jurisdiction to settle the bill of exceptions, that the proposed bill was subject to a motion to quash in the supreme court, and that appellant should not be deprived of his right of appeal through failure of plaintiff to return the bill of exceptions. This proceeding was given the case number 30012.

There was a hearing on August 28, 1936. The court denied the motion for a new trial and gave defendant an additional 40 days from the expiration of the first 40 days allowed in which to serve the bill of exceptions which was directed to include the stipulations and affidavits on this hearing.

The bill of exceptions was allowed on September 2, 1936. This was less than 80 days after the adjournment of the April term on June 15. We held in *In re Estate of Boschulte*, 128 Neb. 316, 258 N. W. 530, that, under section 20-1140, Comp. St. 1929, upon a satisfactory showing of diligence, a trial court is authorized to give additional time, not exceeding a total of 80 days, for service of the bill of exceptions on the adverse party, and such order may be made during the additional time allowed and after the first 40 days have expired. That exactly meets the situation here existing. The appellee consented to the settlement of the bill of exceptions and raised no objections thereto in his brief. There was really no purpose in the extra appeal except to try to obtain a new trial in the original action. There was no error in the ruling of the trial court on this point.

The alleged assault occurred in Otoe county. Mrs. Markel had sued defendant, and as a result there had been a great deal of newspaper publicity, which is set forth in an application for a change of venue. Affidavits tending to show that a fair trial could not be had in this cause in Otoe county appear in the record. The court allowed a change of venue to Cass county, which is another of the three counties in the same judicial district. This is assigned as erroneous and relied on as an abuse of discretion, preventing defendant from having a fair trial.

We find that the affidavits were sufficient to raise the question whether a fair and impartial trial could be had in Otoe county. In such circumstances section 20-410, Comp. St. 1929, allows the court to "change the place of trial to some adjoining county, wherein such impartial trial can be had; but if the objection be against all the counties of the district, then to the nearest county in the adjoining district." We take judicial notice that Cass and Otoe counties are in the same (second) judicial district. We find that the court abused no discretion in granting the change of venue. "Unless an abuse of discretion is shown, this court will not disturb the ruling of the lower court upon a

motion for a change of venue." *Hinton v. Atchison & N. R. Co.*, 83 Neb. 835, 120 N. W. 431. See, also, *Smith v. Coon*, 89 Neb. 776, 132 N. W. 535; *Boyd v. Chicago, B. & Q. R. Co.*, 97 Neb. 238, 149 N. W. 818.

The alleged assault took place at the farm where plaintiff and his wife lived at the time. It occurred about 11:30 in the morning. Plaintiff was absent on a trucking trip to Omaha. He first saw his wife in Nebraska City, at her mother's, when he returned in the afternoon. It was some hours after the assault and miles from where the assault occurred. Over objection he was allowed to testify that his wife told him what had happened and that defendant had struck her, the court remarking on overruling the objection, "It is a part of the *res gestæ*." John Casper, a witness for plaintiff, was permitted on the same theory to testify to what Mrs Markel said to him after the assault was over and after she had later driven to school with the midday lunch for her children and had returned.

This testimony of plaintiff was concerning matters learned by the witness too late to be admissible in evidence as a part of the *res gestæ*. "A statement to be admissible as a part of the *res gestæ* must have been spontaneous and impulsive, and made at a time and under such circumstances as to induce the belief that it was not the result of reflection and premeditation." *Tongue v. Perrigo*, 130 Neb. 564, 265 N. W. 737. The admission of this testimony was prejudicially erroneous.

Sixteen errors are assigned and relied upon as to the instructions alone. To discuss them would obviously take unwarranted space unless we should determine that some of the assignments are valid. We have considered them and find that the instructions as a whole presented the issues fairly though they might have been stated more clearly and consecutively. They were not prejudicially erroneous.

The judgment in number 30012 is affirmed because neither party ever questioned the legality of the bill of exceptions resulting from the order in that case which was really brought about by defendant merely out of his overabundance of caution.

The judgment in number 29988 is reversed for the reasons disclosed in the opinion.

CASE NUMBERED 30012 AFFIRMED.
CASE NUMBERED 29988 REVERSED.