NEIGHBORS & DANIELSON, A CO-PARTNERSHIP, APPELLEE, V. WEST NEBRASKA METHODIST HOSPITAL, A CORPORATION, APPELLANT.

74 N. W. 2d 854

Filed February 17, 1956. No. 33880.

*Mothersead, Wright & Simmons* and *Robert M. Harris,* for appellant.

*Stubbs & Metz,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The question presently before the court arises on two motions filed by the parties. The appellee, hereafter referred to as the plaintiff, filed a motion to quash the bill of exceptions. The appellant, hereafter referred to as the defendant, filed a motion for an order authorizing the appellant to attach to the bill of exceptions filed in this court an executed copy of the order of the judge who heard the cause, bearing the date of November 21, 1955, granting an extension of time allowing an additional 40 days for the preparation, service, and settlement of the bill of exceptions, such 40 days to run from August 20, 1955.

Defendant filed a notice of appeal on July 12, 1955. The bill of exceptions was reduced to writing and certified to by the court reporter on September 2, 1955, it being the fifty-second day after the filing of the notice of appeal. Defendant's counsel delivered the bill of exceptions to counsel for the plaintiff on September 10, 1955, it being the sixtieth day after the filing of the notice of appeal. On September 19, 1955, plaintiff's attorney returned the bill of exceptions to defendant's counsel with four proposed amendments which were accepted by the attorneys for the defendant on the same day. The trial judge settled and allowed the bill of exceptions on September 22, 1955, the seventy-second day after the notice of appeal was filed.

There appears in the bill of exceptions an order signed by C. G. Perry, District Judge, allowing an additional 40 days, over and above the original 40 days granted by statute, in which to prepare the bill of exceptions. The record shows that the judge who tried the cause was Fay H. Pollock, District Judge for the Ninth Judicial District, and not C. G. Perry, District Judge for the Seventeenth Judicial District, the district in which the

action was filed. It is the contention of the plaintiff that Judge Perry was without authority to extend the time for preparing the bill of exceptions and that his order was without force or effect.

The applicable statute provides: "In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon showing of due diligence, and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making such specific directions in that behalf as shall appear to the court to be just to all parties. Thereafter, a further extension of time may be granted by the Supreme Court upon application and showing of good cause therefor." § 25-1140.07, R. R. S. 1943. The foregoing statute is clear that only the judge who tried the cause may extend the time for settling and allowing a bill of exceptions. Consequently, the purported order by Judge Perry is without force and effect. No proper extension of time was obtained and the contention of the plaintiff must be deemed the correct one. This appears to have been the holding of this court since Hanscom v. Lantry, 48 Neb. 665, 67 N. W. 762. In that case this court said: "It follows that appellants' motion for additional time within which to procure the allowance of their exceptions should have been addressed to Judge Ambrose, by whom the order of confirmation was made, and that the orders in that behalf by Judge Scott were ineffective for the purpose intended."

The defendant relies upon the case of State ex rel. Downing v. Gaslin, 32 Neb. 291, 49 N. W. 353. It seems clear that the holding in that case upon the point presently being considered was overruled, although not in terms, in Hanscom v. Lantry, *supra.* It is no longer the law in this state. We hold, therefore, that the order purporting to extend the time for the allowance and

settlement of the bill of exceptions by Judge Perry was not authorized. We conclude that there was no extension of time granted in the present case.

It is the contention of the plaintiff that in the absence of an extension of time to settle and allow the bill of exceptions, the trial court had no power to do so after 70 days from the time of the filing of the notice of appeal. Plaintiff cites and relies on Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495; Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303; Zenker v. Zenker, 161 Neb. 200, 72 N. W. 2d 809; and other earlier cases. The defendant contends that the allowance and settlement of the bill of exceptions was within the time provided by statute under the holdings of this court in In re Estate of Boschulte, 128 Neb. 316, 258 N. W. 530; Scotts Bluff County v. McHenry, 128 Neb. 613, 259 N. W. 754; Markel v. Glassmeyer, 132 Neb. 716, 273 N. W. 33; and other earlier cases. Due to the confusion that appears to exist in the two classes of cases referred to, we shall attempt to clarify the law on the subject as it now exists. This requires a consideration of sections 25-1140 to 25-1140.07, R. R. S. 1943.

Prior to 1877 it was necessary to settle the bill of exceptions within the trial term. In 1877 the applicable statute was amended to provide that the party excepting was required to submit the proposed bill within 15 days, or in such time as the court may direct, not exceeding 40 days from the rising of the court. In 1881 the statute was again amended by adding the provision permitting the judge who tried the cause, upon due showing of diligence and not otherwise, to further extend the time, but not beyond 40 days additional. The statute does not appear to have been materially changed until 1947 when the present sections (25-1140 to 25-1140.07, R. R. S. 1943) were enacted. Under the 1947 statute the time for allowing and settling a bill of exceptions began to run with the filing of the notice of appeal. It seems clear, therefore, that cases arising prior to 1947 are not appli-

cable to cases arising since that time, except as the reasoning of the prior cases may be applied to the interpretation to be placed upon the 1947 amendments.

The right to a bill of exceptions is in all cases the creature of statute and is measured and defined by statute. This appears to have been the rule as early as First National Bank v. Bartlett, 8 Neb. 319, 1 N. W. 199. See Horbach v. City of Omaha, 49 Neb. 851, 69 N. W. 121, and cases cited therein. In Stock v. Luebben, 72 Neb. 254, 100 N. W. 307, this court said: "This evidence shows that it was solely the fault of the court reporter, and the question is whether, under such circumstances, the delay beyond the 80 days in presenting the bill to opposing counsel is fatal to the settlement of the bill. It was held that such delay is not fatal in State v. Gaslin, 32 Neb. 291, and in Richards v. State, 22 Neb. 145, but in Horbach v. City of Omaha, 49 Neb. 851, the case of Richards v. State is reviewed fully and overruled upon this point, and the rule declared to be that the statute is mandatory, and that no bill of exceptions can be settled and allowed by the trial court that has not been presented to the opposing counsel within the 80 days. This ruling is followed in Mathews v. Mulford, 53 Neb. 252, and it is there stated that the remedy, when the delay has been caused by the neglect of the reporter in making the transcript, is by application for a new trial. Following these later cases, which seem to be well reasoned, this motion must be sustained. This places great responsibility upon the official reporters of the trial courts. It will rarely, if ever, happen that 80 days will be too short for the performance of this duty, if the importance of the matter is duly appreciated. Inefficient and negligent reporters should not be tolerated. The delay and expense of another trial, made necessary solely by the inefficiency of a court reporter, are serious matters." We adhere to the language contained in Horbach v. City of Omaha, *supra,* stating: "It cannot be asserted that this court, or the district court, is empowered in exceptional

cases, or for the purpose of maintaining any supposed general principle of abstract ethics, to enlarge the statute or to create a right to a bill where the statute confers none." We conclude, therefore, that the provisions of sections 25-1140 to 25-1140.07, R. R. S. 1943, are mandatory and must be followed in the procurement of a valid bill of exceptions.

The initial period for reducing a bill of exceptions to writing is 40 days from the date the notice of appeal is filed. § 25-1140, R. R. S. 1943. Exceptions are reduced to writing within the meaning of this section of the statute on the day the court reporter certifies the draft as the bill of exceptions in the case. A period of 10 days is allowed to serve the bill on the adverse party, as provided by section 25-1140.03, R. R. S. 1943. The adverse party has 10 days to prepare amendments and return the bill, as provided by section 25-1140.04, R. R. S. 1943. The bill of exceptions must be presented to the trial judge for settlement, or to the clerk of the district court in a proper case, within 10 days thereafter, and after 5 days notice to the adverse party when proposed amendments have been made and not accepted. §§ 25-1140.05 and 25-1140.06, R. R. S. 1943.

It is plain, therefore, that where no extension of time has been granted, as authorized by section 25-1140.07, R. R. S. 1943, the appellant is limited, from the date of filing notice of appeal, to 40 days to reduce the bill of exceptions to writing, to 10 days thereafter to serve the same on the adverse party, to an additional 10 days to procure its return, and 10 days thereafter to procure a settlement and allowance of the bill. In other words, the bill must be prepared within 40 days after the filing of the notice of appeal, it must be served on the adverse party within 50 days thereafter, it must be examined and returned by the adverse party within 60 days, and it must be settled and allowed within 70 days. These limitations as to time are mandatory and they may not be waived. The settlement and allowance of the bill after the 70 days,

as in the present case, is not authorized and will not be considered by this court. Jones v. City of Chadron, *supra.*

We point out, however, that extensions of time to procure an allowance of a bill of exceptions are authorized by section 25-1140.07, R. R. S. 1943. Under this section of the statute the trial judge who tried the cause, upon a showing of due diligence and not otherwise, may extend the time, not more than 40 days, making such specific directions in that regard as shall appear to be just to all parties. The extension is limited by the statute to the terms appearing in such order, and where the extension granted is less than 40 days, or the extension is circumscribed by other conditions or limitations, the limitations of time contained therein and the conditions of the order must be complied with. Where an extension of time has been granted by the trial judge who tried the cause, this court will not review the evidence on which such extension was granted for the purpose of determining whether the showing of due diligence was sufficient. Greenwood v. Cobbey, 24 Neb. 648, 39 N. W. 833. We likewise hold that this court will not review the evidence on which an application for an extension was denied for the purpose of determining whether the showing of due diligence required a different order. We also adhere to the rule announced in In re Estate of Boschulte, *supra,* that an order extending the time for the preparation of a bill of exceptions may be made within the period extended by the trial court, but not exceeding the 40-day limitation.

It will be noted by an examination of section 25-1140.07, R. R. S. 1943, that the trial court may extend the time, upon a showing of due diligence and not otherwise, not only as to the time for preparing the bill of exceptions, but also the time for serving, returning, and settling and allowing the bill of exceptions as long as the extensions granted for any purpose do not exceed 40 days. In other words, after extensions of 40 days have been granted, the trial court has no authority to

further extend the time for any purpose. The assumption that the judge who tried the case may grant an extension of time only for the preparation of the bill is an erroneous one. The statute clearly authorizes such extensions to serve, procure the return, or to present and allow the bill as well, if the maximum extension period of 40 days is not exceeded.

Prior to 1947 the time for procuring the allowance of a bill of exceptions commenced to run from the adjournment sine die of the term of court at which the judgment was rendered or at which the motion for a new trial was ruled on. By the amendments enacted in 1947 (§§ 25-1140 to 25-1140.07, R. R. S. 1943), it was provided that such time should commence to run from the date the notice of appeal was filed with the clerk of the district court. In most cases this had the effect of materially reducing the time in which a bill of exceptions could be settled and allowed. The Legislature evidently intended to make provision for further time where it was not possible to obtain a settlement and allowance of the bill without fault on the part of the appellant in the exercise of due diligence by providing in section 25-1140.07, R. R. S. 1943: "Thereafter, a further extension of time may be granted by the Supreme Court upon application and showing of good cause therefor." The meaning of this provision is that if a bill of exceptions cannot be allowed within the time fixed by sections 25-1140 to 25-1140.07, R. R. S. 1943, after the powers of the district court have been exhausted with reference thereto, without fault and in the exercise of due diligence by the party seeking the bill, an application accompanied by a showing of good cause could be made to this court for a further extension of time to secure the allowance of the bill. We recognize the fact that circumstances can arise wherein the draft of the bill cannot be obtained in 80 days, or, where the right to an extension of time at the hands of the trial judge has been exhausted, the appellant may be unable to

serve the bill upon the appellee because of his absence or other reasons, or that appellant may be unable to secure the return of the bill from the appellee through no fault of his own, or that appellant may be unable because of conditions beyond his control to secure the allowance of the bill by the judge who tried the cause, or by the clerk of the district court in cases where the latter has authority to do so. In order to safeguard the rights of the parties in this respect, and give effect to the legislative intent, we hereby adopt the following rule of court as authorized by Article V, section 25, Constitution of Nebraska:

An application for an extension of time within which to procure an allowance of a bill of exceptions pursuant to section 25-1140.07, R. R. S. 1943, may not be filed in this court until the judge who tried the cause has exhausted his authority to extend the time under such section. An application to extend the time to prepare a bill of exceptions may not be filed in this court until 80 days after the date the notice of appeal was filed in the district court, except where the court has exhausted its authority to extend the time as otherwise herein provided, and the application must be filed in this court within 30 days after the trial court's authority is exhausted. An application in this court for an extension of time to serve the bill of exceptions upon the adverse party may be made in this court, where the judge who tried the cause has exhausted his power to do so, within 30 days after the statutory time has expired in which to serve the bill on the adverse party. An application in this court for an extension of time to procure the return of the bill of exceptions from the adverse party may be made in this court, where the judge who tried the cause has exhausted his power to do so, within 30 days after the statutory time has expired in which to procure the return of the bill. An application in this court for an extension of time to present the bill of exceptions to the judge who heard the cause for settlement

and allowance, or to the clerk of the district court as provided in section 25-1140.06, R. R. S. 1943, may be made in this court, where the judge who tried the cause has exhausted his power to extend the time, within 30 days after the statutory time has expired in which to procure the settlement and allowance of the bill. Where the judge who tried the cause has ceased to hold office for any reason, and the bill cannot be settled and allowed under section 25-1140.06, R. R. S. 1943, it will be considered in the application of this rule as if such judge had exhausted his power to grant an extension of time. When the trial court refuses to grant an extension of time as authorized by section 25-1140.07, R. R. S. 1943, it will be considered in the application of this rule as if such judge had exhausted his power to grant an extension of time. Any application made to this court under section 25-1140.07, R. R. S. 1943, must be supported by detailed and convincing proof of facts showing that the applicant is without fault and has used due diligence, and has been unable to secure an allowance of a bill of exceptions within the prescribed time by circumstances beyond his control and which he could not have prevented. The showing of good cause for an application for an extension of time under this rule must, if possible, include a statement under oath of the person or persons familiar with the facts as to why it has not been possible to secure an allowance of the bill of exceptions in the district court in the manner provided by statute. If such statements cannot be procured, the reason for their nonprocurement must be shown by the applicant under oath, and if sufficient cause for the absence thereof is not shown, the application for an extension of time will be denied.

In the application of the foregoing rule we adhere to our former holding that the aggregate time allowed for the performance of any of the statutory steps in securing an allowance of a bill of exceptions will not be shortened, or advanced, by completing any of the steps

enumerated in advance of the time limited by the statute. Sherwin v. O'Connor, 23 Neb. 221, 36 N. W. 491.

When more than one appeal is taken to this court from the same judgment or other final order, a single bill of exceptions, containing all of the matter designated by the parties, is sufficient.

The rule of court herein adopted contemplates four steps that must be taken within time limits prescribed by the statute, to wit: (1) The reducing of the exceptions to writing, (2) the service of the bill on the adverse party, or his attorney of record, (3) the return of the bill with proposed amendments, if any, to the other party, or his attorney of record, and (4) the settlement and allowance of the bill of exceptions by the judge who heard the cause. Any or all of the periods of time prescribed by the applicable statutes may be extended by the judge who heard the cause for an aggregate period of 40 days. Such extension or extensions may be granted within the period extended. The limit of time to be allowed by the judge who heard the cause for the preparation, serving, return, and allowance of the bill cannot under any circumstances exceed 110 days.

A failure to procure a bill of exceptions because of noncompliance with the foregoing rule will not afford a basis for a new trial. If a bill of exceptions cannot be obtained under such rules because of unavoidable casualty which precludes the obtaining of a bill of exceptions, a petition in equity for a new trial constitutes the remedy. Holland v. Chicago, B. & Q. R. R. Co., 52 Neb. 100, 71 N. W. 989; Langan v. Parkhurst, 1 Neb. (Unoff.) 804, 96 N. W. 63.

The design of the statute is to allow a fixed time within which a bill of exceptions must be reduced to writing, served on the adverse party, returned, and submitted to the trial judge for settlement and allowance. The trial judge is without authority to allow a bill of exceptions not prepared in the manner and within the times fixed. Any attempt to allow a bill of ex-

ceptions not prepared in compliance with statutory authority is of no force and effect, and the lack of authority cannot be waived. The bill of exceptions must be prepared, served, returned, settled, and allowed in accordance with the statute. Its terms are mandatory. Consequently, a bill of exceptions which is not prepared in accordance with the statute will be quashed on motion of the adverse party. This court will also take judicial notice of the fact that a bill of exceptions was not prepared, served, returned, or settled and allowed within the time provided by statute, and therefore cannot be considered on appeal. Gernandt v. Beckwith, *supra*; Zenker v. Zenker, *supra*.

In the case before us no extension of time was granted for the preparation, service, settling, or allowance of a bill of exceptions. Under such circumstances the maximum time in which the judge who heard the cause could lawfully allow a bill of exceptions was 70 days after the filing of the notice of appeal. The order of the trial court purporting to allow the bill on the seventy-second day was therefore unauthorized and of no force and effect. The motion of the plaintiff to quash the bill of exceptions must therefore be sustained. Jones v. City of Chadron, *supra*. The judge who tried the cause was without authority under any circumstances to make an order with respect to the allowance of the bill of exceptions after 110 days from the date of the filing of the notice of appeal. The extension of time of 40 days from August 20, 1955, to prepare, serve, and settle the bill of exceptions purported to have been granted by the judge who tried the cause on the one-hundred-thirty-second day after the notice of appeal was filed, is without authority and of no force and effect. We therefore deny the motion for leave to attach a copy of such order to the bill of exceptions filed in this case.

MOTION TO QUASH BILL OF EXCEPTIONS SUSTAINED.
MOTION TO ATTACH ORDER TO BILL OF EXCEPTIONS DENIED.

WENKE, J., concurring.

I am in full accord with the result arrived at by the court's opinion and with the rules promulgated therein except I cannot agree a strict compliance with the procedural steps leading up to the allowance and settlement of a bill of exceptions cannot, under any circumstances, be waived by the parties. I do not mean to infer by the foregoing that the parties can, by waiver, extend the authority of the district court for allowing and settling a bill of exceptions beyond the maximum time as fixed, in the first instance, by statute or as it may be extended by the district court or this court.

It has always been my thought that the bench and bar of this state were and are in favor of simplifying appeal procedures by, insofar as possible, removing all unnecessary technical requirements which would have a tendency to defeat the hearing of an appeal on its merits. Let us consider two of the steps which the opinion holds must be taken within time limits provided by statute for that purpose or authority obtained for doing so beyond that time. Let us assume counsel for the party appealing obtains a certified bill of exceptions from the official court reporter within the time fixed by statute for that purpose but, because of their absence or for other good and sufficient reason, is unable to serve it on the adverse party or his attorney of record before the 51st day. Opposing counsel, being fully aware why the bill of exceptions has not been served on him or his client on or before the 50th day, makes no objection because of that fact and the bill is settled by the judge who tried the case within the time provided by statute for that purpose. Although no objection is ever made thereto in the trial court or this court we will be required to quash the bill of exceptions for under our holding in Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303, we are required to take judicial notice of the above failure to strictly comply with this procedural step. The same would be true if, through

no fault of his own, appellant's counsel was not able to secure a return of the bill of exceptions until the 61st day. To require such strict compliance with these procedural steps will lead to many cases not being heard on their merits. Such a result is very undesirable. I would now hold, as this court has done on many occasions, that the parties may waive a strict compliance with these procedural steps. It seems to me that unless proper and timely objection is made on that ground that a failure to strictly comply with any procedural step should cause it to be considered as waived provided the bill of exceptions can be and is allowed and settled within the time given the trial court for that purpose. If proper and timely objection is made then, of course, counsel should be required to obtain authority for doing so out of time.

There is another reason why I cannot agree with the majority view in this respect. I think the expense of litigation should, insofar as possible, be kept at a minimum. Let us take a situation where the trial court has exhausted its authority to extend the time and counsel for the party appealing obtains the bill of exceptions within the time so provided but, because of good and sufficient reasons beyond his control, is not able to serve it in the manner provided by the statute until the 91st day or, due to no fault of his own, is unable to secure the return of the bill of exceptions before the 101st day. In either or both instances, even though opposing counsel has made no objection to the allowance and settlement of the bill of exceptions and the trial court could do so on or before the 110th day, appealing counsel must first make application to and obtain authority from this court to extend the time to serve and then to extend the time for return. This will result in needless delay and much additional expense which is wholly unjustified and all within our power to prevent.

I trust this concurring opinion serves the purpose of warning each member of the bar of the strictness with

which these procedural steps will hereafter be applied and that he not be entrapped thereby.